LEWIS, EXR., APPELLEE, *v.* BOARD OF COUNTY COMMRS. OF FRANKLIN COUNTY, APPELLANT.

(No. 5012—Decided February 26, 1954.)

*Mr. Carl H. Valentine,* for appellee.

*Mr. Frank H. Kearns,* prosecuting attorney, and *Mr. Paul W. Martin,* for appellant.

HORNBECK, J. This is an appeal on questions of law from a judgment of the Probate Court on the pleadings upon the motion of plaintiff. The action was instituted by the plaintiff, executor, for the construction of the last will and testament of Lewis Fink, deceased, and particularly item II thereof.

The pertinent item reads:

"Item II. I give and devise my home, which includes the cottage in which I have resided and the tract of about fourteen (14) acres of land on which it is situated, fronting on High Street, Columbus, Franklin County, Ohio, to the county of Franklin of the state of Ohio, for the purpose of being kept, maintained and operated as a home for old ladies, to be known as the 'Elizabeth Morton Fink Home'; and I give, devise and bequeath to said county of Franklin of the state of Ohio, all the rest and residue of my estate, both personal and real, of every kind and description and wheresoever situated, which I may own or have the right to dispose of at the time of my decease, to be expended by said county in the construction, maintenance and operation of said home."

The petition alleges that plaintiff had been advised by the Prosecuting Attorney of Franklin County, Ohio, that the defendant board "is not willing to accept the aforesaid devise and bequest if the accept-

ance thereof will obligate it to keep said fourteen (14) acre tract of land * * * and to construct, maintain and operate thereon a home for old ladies, to be known as the 'Elizabeth Morton Fink Home,' and to expend the aforesaid personal property and money in the construction, maintenance and operation of said home," as provided in the will, and that the Prosecuting Attorney of Franklin County has advised the defendant that it can accept such real estate, personal property and money without meeting the terms of the will.

The prayer of the petition is for a construction of the will, requiring the defendant to keep such land intact and to construct a home as provided in the will, and that the defendant be required to either formally accept the devise and bequest and to express its intention to conform to the provisions of the last will and testament, or to reject the devise and bequest and to disavow any rights under such last will and testament.

Defendant by answer says, "that it would be impractical and inexpedient for them to adhere strictly to the provisions set forth in item II of the will attached to the petition; that it is their present intent to make such use and disposition of the real estate and personalty granted under said item as would be practical and expedient"; that pursuant to a request of the board, the Prosecuting Attorney of Franklin County had rendered an opinion wherein it was determined that the grant set forth in item II of the will is an absolute grant to Franklin County; that the title is not a determinable fee but a fee simple; and that, in accordance with such opinion, defendant adopted a resolution accepting the grant.

The resolution, after setting forth item II of the will of Lewis Fink, reads:

"Be it resolved, by the Board of County Commis-

sioners of Franklin County, Ohio, that the property devised to the county of Franklin, state of Ohio, by the aforesaid will of Lewis Fink, deceased, be and it hereby is accepted."

The prayer of the answer is that the will be construed in favor of the defendant determining that the title of Franklin County to the property described in the will is a fee simple title and not a determinable fee; that the devise of all property in the will to Franklin County conveys all the estate of the testator therein to the county; that there is no provision in the will for forfeiture or reversion; that the failure of the devisee, Franklin County, to use the property as set forth in said will shall not cause title to revert to the heirs of the testator; and that the statements set forth in item 11 of the will as to the purpose for which the property is to be used do not constitute a condition subsequent, so as to debase the fee of the devisee when the condition has been broken.

To this answer, the plaintiff replied, admitting the procedure and contention of the defendant as set forth in the answer, but denying that the opinion of the prosecuting attorney is supported and in accordance with the law controlling construction of the will under consideration. At this juncture, the motion of the plaintiff for judgment on the pleadings was interposed.

This motion sought a judgment in favor of the plaintiff on the pleadings, declaring and adjudicating that the defendant has refused to carry out the desires of the testator, as expressed in his last will and testament, with respect to the property therein devised and bequeathed to them; that such refusal amounts to a renunciation of the devise and bequest; that by reason thereof the devise and bequest contained in item II of the will of Lewis Fink in favor

of Franklin County has failed; and that Franklin County is forever barred of any right, title, interest or estate in any property whatsoever thereunder.

The motion was sustained and, pursuant thereto, the court found that by item II of the will the testator had created a charitable trust operating upon the property described in the petition; that the defendant did not acquire fee simple title as alleged in the answer; that the defendant has not accepted the trust; and, therefore, that the answer is tantamount to a renunciation of same. It was decreed that the defendant has no right, title, estate or interest in or to the real estate and personal property described in the petition, or any part thereof, and the plaintiff was authorized not to cause any transfer of the premises to be made on the tax duplicate of Franklin county and not to pay over any monies of the estate or transfer any personal property of the estate to the defendant.

The respective contentions of the parties are set forth in the pleadings and the motion heretofore recited. Defendant, in its answer, cites the cases upon which the prosecuting attorney relied in his opinion to the defendant board, that the title granted was in fee simple.

We have the written opinion of the trial judge in which he determines, first, that item II of the will created a charitable trust, that the defendant board was named the trustee, and that the item did not create a fee simple title in the real estate and full interest in the personal property in the defendant; secondly, that the resolution of the board accepting the property devised in item II of the will of testator, in connection with the answer that it was not practical or expedient to carry out the provisions as to the use and disposition of real estate and personal property

of testator and the opinion of the prosecuting attorney that the board had a fee, was tantamount to a renunciation of the trust.

We are in accord with the opinion and judgment of the trial court that the item of the will under consideration creates a charitable trust. An examination and observation of the item is conclusive that its dominant purpose is to cause a "home for old ladies" to be maintained and operated from the avails of the property, real and personal, mentioned in the item. It will be noted that there is no language in the item clearly creating a fee in the board without qualification and that there is but one sentence in the operative language of the item. It is not that type of will wherein in the first part of an item a devise is clearly made to a named person and thereafter an attempt made to cut it down. The cardinal rule that the intent of a testator must control the construction of a will clearly requires the holding here that a trust is created. There is no controversy here between heirs who are asserting that by reason of the fact that there is no reversionary clause in the will, title should revert to them.

We do not discuss the cases cited by defendant because we do not believe they are controlling, as they involve, in the main, conditions subsequent in the deeds, and a construction of the language of the instruments under consideration in such cases permitted the conclusion that there was no intention to qualify the fee simple estate granted.

Here, testator has granted a title in fee to the board which has the legal title, but the equitable title is in the beneficiaries of the trust.

Without further discussion, we are satisfied to hold with the trial court that a charitable trust is created by item II of the will under consideration.

We are not in accord with the judgment wherein it

determines that the board, by its action, has lost all interest in the property mentioned in item II of the will.

Insofar as the official action of the board appears, it is in the resolution accepting, without qualification, the devise and bequest in item II of the will. However, the board took the position in the trial court that it had determined, upon the advice of its legal counsel, that in the acceptance it was taking a fee simple title without qualification. This contention of the board was predicated upon a misconception of the law.

The principle of estoppel will not operate to require the holding that the board by its answer renounced the trust, and that it is bound by such action. If one be ignorant of his rights, whether fact or law, there can be no estoppel. *Westwater, Admr.,* v. *Guitner,* 18 N. P. (N. S.), 209, 30 O. D., 370. Knowledge on the part of one sought to be estopped of his rights is an important element of equitable estoppel. *Ensel* v. *Levy,* 46 Ohio St., 255, 19 N. E., 597; *Pennsylvania Co.* v. *Platt,* 47 Ohio St., 366, 25 N. E., 1028.

The board has had no opportunity to determine whether it would accept the devise and bequest of item II of the will upon the conditions therein expressed with full conception of the obligation thereof. It does not necessarily follow that because it is inexpedient or impractical to carry out the specific terms of the will, that it may not be effectuated in some other manner recognized in equity.

Until the board can act with full conception of its rights and obligations as trustee and the scope and limitations of the trust, it should not be charged with positive renunciation of the trust. This determination as to the trust could have been assured had it been requested in the action to construe the will.

The doctrine of cy pres, deviation and approxima-

tion, in the construction of charitable trusts in effectuating the purpose of the testator with respect to the beneficiaries has been frequently recognized. This court, in the case of *Craft, Exrx.,* v. *Shroyer,* 81 Ohio App., 253, 74 N. E. (2d), 589, applied the doctrine of deviation in a charitable trust and discussed the doctrine at length.

We express no opinion as to the application of the foregoing principles to the trust here created, and it may be that the board will now want to formally renounce the trust, but until this aspect of the trust is considered and determined, the board cannot act with full knowledge of its obligations and rights.

We, therefore, affirm the judgment with the modification as herein indicated.

*Judgment modified and, as modified, affirmed.*

Wiseman, P. J., and Miller, J., concur.